UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GRANT MICHAEL PEUSE,<br><br>Defendant. | Case No. 17-CR-00598-LHK<br><br>**ORDER DENYING COMPASSIONATE RELEASE**<br><br>Dkt. No. 27 |

Defendant Grant Michael Peuse ("Defendant") is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Correctional Institution Lompoc ("FCI Lompoc"). Defendant moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), also known as compassionate release. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.      BACKGROUND**

On August 29, 2018, Defendant pleaded guilty to possession of firearms unidentified by serial number in violation of 26 U.S.C. § 5861(i). ECF No. 17. In Defendant's plea agreement and at the August 29, 2018 change of plea hearing, Defendant admitted that he possessed three AR-15-style machine guns that were not identified by serial number, which he had modified to

fire in fully automatic mode. ECF No. 16 at 2.

On December 19, 2018, the Court sentenced Defendant to 24 months in custody, the low end of the sentencing guideline range. ECF No. 24. The Court ordered Defendant to self-surrender on February 15, 2019. *Id.* On January 31, 2019, the Court granted Defendant's motion to continue Defendant's self-surrender date to April 15, 2019, to permit Defendant to resolve his pending state court criminal case in the California Superior Court for the County of Santa Cruz. ECF No. 26. Defendant self-surrendered on April 15, 2019. ECF No. 27 at 1.

## II.     LEGAL STANDARD

18 U.S.C. § 3582(c) allows a court to modify a defendant's "term of imprisonment . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

"[A]fter considering the factors set forth in § 3553(a) to the extent applicable," a court may grant the motion to reduce the defendant's sentence in two circumstances. As relevant here, a court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). The relevant Sentencing Commission policy statement enumerates several "extraordinary and compelling reasons." U.S. Sentencing Guidelines ("U.S.S.G") § 1B1.13(1)(A) & cmt. 1. A defendant fulfills one of the enumerated reasons when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. 1(A)(ii). An extraordinary or compelling reason may also exist for a reduction in sentence due to family circumstances, which are specifically defined as either (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or (2) "[t]he incapacitation of the

defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id*. § 1B1.13 cmt. 1(C). The Commission also requires that the defendant not pose a danger to the safety of the community. *Id*. § 1B1.13(2).

### III. DISCUSSION

In analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), courts determine whether a defendant has satisfied three requirements. First, a defendant must exhaust his administrative remedies. Second, a defendant must establish that the § 3553(a) sentencing factors "are consistent with" granting a motion for compassionate release. *United States v. Trent*, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020). Third, a defendant must demonstrate that "extraordinary and compelling reasons"—as defined by the applicable Sentencing Commission policy statement—"warrant . . . a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

As to the first requirement, exhaustion, the parties agree that Defendant has exhausted his administrative remedies and therefore satisfies the first requirement under Section 3582. ECF No. 27 at 4; ECF No. 28 at 4. However, the Court notes that Defendant's sole reason for requesting compassionate release from the Warden was the COVID-19 pandemic. ECF No. 27-1. Defendant did not request compassionate release from the Warden based on family circumstances. *Id*. Neither party addresses this point. ECF Nos. 27, 28. Although Defendant may not have exhausted his administrative remedies as to his request for compassionate release based on family circumstances, the Court need not address the exhaustion issue further because the Court denies compassionate release based on family circumstances for other reasons as discussed below.

As to the remaining two Section 3582 requirements, the Court holds that Defendant fails to satisfy the third requirement for compassionate release. As a result, the Court need not reach the second requirement. Specifically, as to the third requirement, Defendant asserts that COVID-19 and his family circumstances constitute extraordinary and compelling reasons warranting a sentence reduction. The Court addresses each in turn.

**A. Defendant Fails to Demonstrate Extraordinary and Compelling COVID-19**

**Reasons Justifying Compassionate Release**

First as to COVID-19, at the time of Defendant's sentencing on December 19, 2018, Defendant, who was then 43 years old, did not report any health issues. ECF No. 18 at ¶ 42-43. Specifically, under the title "Physical Condition," paragraph 42 of Defendant's Pre-Sentence Report stated:

> 42. The defendant is a 5'8" tall White male who weighs 150 pounds. Peuse has brown eyes and brown hair. Peuse stated that he has tattoos from his neck to his waist and two leg tattoos on his left leg, none of which are gang related. The defendant denied any serious or chronic health issues and stated he does not take any medications or prescriptions.

Under the title "Mental and Emotional Health," paragraph 43 of Defendant's Pre-Sentence Report stated:

> 43. Peuse denied any past, present, or familial history of mental health issues. Peuse stated that if given custody time, post incarceration counseling would be helpful.

Defendant's current age of 45 does not place him in a high risk age group for severe COVID-19 illness, and Defendant does not contend otherwise. ECF No. 27. Moreover, Defendant does not state that he has any health issues or any underlying medical conditions that would make Defendant unusually vulnerable to the effects of COVID-19. *Id*. Indeed, Defendant's letter to the Warden requesting compassionate release concedes that Defendant "does not have specifically identified risk factors" for COVID-19. ECF No. 27-1.

In fact, Defendant was tested for COVID-19 on May 5, 2020, ECF No. 33[1] at 13; was diagnosed COVID-19 positive on May 6, 2020, *id*. at 7; and was asymptomatic, *id*. at 2-3. Specifically, on May 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, and 20, 2020, Defendant denied having any COVID-19 symptoms. *Id*. (Entries for each of these 11 days state: "Inmate screened for COVID-19 symptoms. Inmate denies cough, SOB [shortness of breath], muscle pain, fatigue, sore throat, HA [headache], new loss of taste and smell, and/or chills."). Defendant's COVID-19 was deemed resolved on May 19, 2020 because Defendant was asymptomatic for 14 days. *Id*. at 7.

---

[1] Exhibit 33 consists of Defendant's medical records at FCI Lompoc. The Court's page number references for this Exhibit refer to the ECF stamped page numbers at the top of each page.

4
Case No. 17-CR-00598-LHK
ORDER DENYING COMPASSIONATE RELEASE

On May 20, 2020, Defendant, who was still asymptomatic, met the criteria for release from isolation. *Id*. at 2.

Defendant argues that "COVID antibodies do not necessarily confer immunity." ECF No. 27 at 10.  As a result, Defendant argues that he can get reinfected and that "COVID can cause devastating long-term physical side effects, even in otherwise healthy people like Mr. Peuse." *Id*. at 11.

The government responds that the fact that Defendant was asymptomatic and recovered from the virus months ago defeats Defendant's argument for extraordinary and compelling COVID-19 related circumstances justifying his release.  ECF No. 28 at 7.  The government contends that Defendant's fear that COVID antibodies do not confer immunity and that Defendant will contract COVID-19 again is speculative.  *Id*.  Moreover, Defendant is not in a high risk age group and lacks any of the Centers for Disease Control-identified risk factors that would render Defendant particularly susceptible to severe illness if Defendant were to contract COVID-19 again.  *Id*. at 2-4.  The government also notes that FCI Lompoc has zero confirmed active inmate cases as of July 31, 2020, the date of the government's opposition to the instant motion.  *Id*. at 8.  The Court notes that as of August 24, 2020, the date of this order, FCI Lompoc has zero confirmed active inmate cases.  *See* https://www.bop.gov/coronavirus/.

Moreover, Defendant's do not cite, ECF No. 27, and the Court has not found a case granting compassionate release to a defendant who has recovered or is expected to recover from COVID-19 with no symptoms.  Instead, courts have denied compassionate release in such circumstances. *See, e.g*., *United States v. Kelley*, 2020 WL 2747887, at *2 (N.D. Cal. May 27, 2020) (denying compassionate release to 40 year old who identified no underlying medical conditions that increase his risk of serious illness from COVID-19 and is "expected to recover" from COVID-19); *United States v. Quintero*, 2020 WL 3639936, at *3 (N.D. Cal. July 6, 2020) (denying compassionate release to 52 year old with arthritis, Reflexive Sympathetic Dystrophy, hyperlipidemia, latent tuberculosis, and carpal tunnel who recovered from COVID-19 with no symptoms); *United States v. Silva*, 2020 WL 4039218, at *3 (N.D. Cal. July 17, 2020) (denying

compassionate release to 27 year old with hypertension and Type I diabetes who recovered from COVID-19 with no symptoms); *United States v. Whipple*, 2020 WL 3316102, at **2-3 (N.D. Cal. June 18, 2020) (denying compassionate release to 28 year old who suffered from asthma from ages 7 to 14 and who recovered from COVID-19 with no symptoms); *United States v. Shahbazpour*, 2020 WL 3791633, at **1-2 (N.D. Cal. July 7, 2020) (denying compassionate release to defendant with a recent series of staph, MRSA, and upper respiratory infections and a generally weakened immune system who previously recovered from COVID-19 asymptomatic); *United States v. Krietzman*, 2020 WL 4368191 (N.D. Cal. July 30, 2020) (denying compassionate release to a defendant with high blood pressure, high cholesterol, hypertension (not pulmonary hypertension) and occipital neuralgia who recovered from COVID-19 with no symptoms).

Moreover, even when a defendant has not recovered from asymptomatic COVID-19, courts have held that where a defendant is not in a high risk age group and lacks any underlying medical conditions that make the defendant unusually vulnerable to the effects of COVID-19, as is the case here, the defendant has failed to demonstrate extraordinary and compelling reasons to warrant compassionate release. *See, e.g., United States v. Ramirez-Suarez*, 2020 WL 3869181, at *3 (N.D. Cal. July 9, 2020) (defendant who is 39 years old and is in good health has failed to demonstrate extraordinary and compelling reasons justifying compassionate release); *United States v. Patterson*, 2020 WL 3451542, at *2 (S.D.N.Y. June 23, 2020) (compassionate release is not warranted where defendant lacks any underlying medical conditions that would make him more vulnerable to the exposure to COVID-19 and defendant's age does not fall within the age range that has been identified as most at risk); *United States v. Smeltzer*, 2020 WL 2797493, at *2 (S.D. Cal. May 29, 2020) (defendant who is 48 years old and reflects no medical condition that would specifically make him more vulnerable to contract COVID-19 cannot demonstrate extraordinary and compelling reasons for compassionate release); *United States v. Eberhart*, --- F. Supp. 3d ---, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("As defendant does not assert that he is suffering from a medical condition as defined in U.S.S.G. § 1B1.13, a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the

6
Case No. 17-CR-00598-LHK
ORDER DENYING COMPASSIONATE RELEASE

applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)."); *United States v. Vassallo*, 2020 WL 3402436, at *2-3 (E.D. Cal. June 19, 2020) (denying compassionate release for a defendant who is 40 years old and has not shown serious medical conditions that make him vulnerable to COVID-19 to the point where he is unable to minimize his health risks through self-care); *United States v. Haney*, --- F. Supp. 3d ---, 2020 WL 1821988, at *5 (S.D.N.Y. Apr. 13, 2020) (deny compassionate release to 61 year old defendant in reasonably good health because if age alone was sufficient to grant compassionate release, "it follows that every federal inmate in the country above the age of 60 should be forthwith released from detention, a result that does not remotely comply with the limited scope of compassionate release"); *United States v. Wade*, 2020 WL 3254422, at *2 (N.D. Cal. June 16, 2020) ("Section 3582 only encompasses specific serious medical conditions, which specifically afflict an individual inmate—generalized threats to the entire population are insufficient.").

Accordingly, Defendant, who is 45 years old, is in good health, and recovered from COVID-19 with no symptoms three months ago, has failed to demonstrate extraordinary and compelling COVID-19 reasons justifying compassionate release.

### B. Defendant Fails to Demonstrate Extraordinary and Compelling Family Circumstances Justifying Compassionate Release

Defendant also requests compassionate release for extraordinary and compelling family circumstances, specifically Defendant's wife's debilitating medical condition. ECF No. 27 at 12.

As explained previously, the relevant Sentencing Commission policy statement enumerates several "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. 1. Family circumstances may constitute extraordinary and compelling reasons justifying compassionate release due to (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id*. § 1B1.13 cmt. 1(C). For the reasons discussed below, the Court finds that Defendant has failed to demonstrate extraordinary and compelling family circumstances justifying compassionate release.

7
Case No. 17-CR-00598-LHK
ORDER DENYING COMPASSIONATE RELEASE

Defendant's representations about his wife's health have been inconsistent. Defendant's Pre-Sentence Report, which was prepared on November 14, 2018, stated that Defendant and Defendant's wife had children who were 10, 13, and 15 years old. ECF No. 18 at ¶ 37. Defendant and his wife did not report that Defendant's wife, who had her own esthetician business, had any health issues or would not be able to care for their children. ECF No. 18.

Similarly, Defendant's May 14, 2020 Letter to the Warden requested compassionate release solely because of "the COVID-19 pandemic, and his specific vulnerability to the virus." The letter did not identify Defendant's specific vulnerability to the virus and conceded that Defendant did not have specifically identified COVID-19 risk factors. Moreover, the letter portrayed Defendant's wife as highly capable and made no mention of her debilitating medical condition or inability to care for the children. Specifically, Defendant's letter stated:

> Mr. Peuse has a suitable transfer or reentry plan in place. His wife of 17 years, Shanna Peuse, lives with their children in a 3 bedroom, 2 full bath townhome in Scotts Valley, California…Ms. Peuse has a plan to quarantine Mr. Peuse in their master bedroom, where he will have a bathroom only to himself.
>
> Ms. Peuse is a licensed esthetician, who has also worked in the dietetics departments of two hospitals, as well as work as a dental assistant. As a result, she is well-versed in sanitization procedures, and has the supplies and experience at home to ensure his health.
>
> Mr. Peuse has Medi-Cal, which is on hold because of his incarceration. Ms. Peuse has already been in touch with a Medi-Cal administrator who has given her instructions on how to reactivate Mr. Peuse's Medi-Cal as soon as he is released.

ECF No. 27-1. Similarly, Defendant's wife was interviewed by a United States Probation Officer for the purposes of evaluating Defendant's compassionate release plan. Defendant's wife gave the Officer a virtual tour of their home and reported a willingness to comply with Defendant's supervised release conditions.

Defendant's July 23, 2020 motion for compassionate release mentions Defendant's wife's debilitating medical condition for the first time. ECF No. 27 at 12-13. The motion states that Defendant's wife suffers from dizziness and fears a vertigo episode. *Id*. Defendant provides no medical documentation. Instead Defendant provides a declaration from his wife. The declaration

states that Defendant's wife became extremely ill in December 2019 and ultimately was diagnosed with vestibular labrynthitis, which permanently damaged her auditory nerve. ECF No. 27-2 at ¶¶ 2-6. Defendant's wife is concerned that she will not be able to manage the distance learning of their 12 year old, 14 year old (presumably soon to be 15 year old based on the child's age of 13 in the November 14, 2018 Pre-Sentence Report), and 17 year old children. *Id.* at ¶¶ 13-14. Thus, Defendant's motion asks for compassionate release, so that Defendant can serve as caregiver to Defendant's wife and children. ECF No. 27 at 13.

Curiously, Defendant's motion makes no mention of Defendant's state court convictions or outstanding state criminal sentences even though Defendant specifically sought and received an continuance of his self-surrender date in the instant federal case, so that Defendant could resolve his state court criminal case. ECF Nos. 26, 27.

The Court learned for the first time about Defendant's state court convictions and outstanding criminal sentences from the government's July 31, 2020 opposition to the instant motion. On April 10, 2019, Defendant was convicted of 11 felonies and 1 misdemeanor in the California Superior Court for the County of Santa Cruz. ECF No. 28-1. Defendant was sentenced to 3 years imprisonment to run concurrently with the instant federal sentence plus 8 more terms of 8 months imprisonment each, each term to run consecutively, for a total of 100 months imprisonment. *Id.* Thus, compassionate release to home confinement is not possible because Defendant will merely be transferred to state custody.

Furthermore, courts typically grant compassionate release due to family circumstances in extremely exceptional circumstances such as a terminal illness or where a spouse is "completely unable to care for himself or herself." *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020), *reconsideration denied*, No. 15-CR-457-KPF, 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020); *see also United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129, at *3 (N.D. Ill. Apr. 3, 2020) (finding family circumstances satisfied where defendant had a relative with stage four cancer).

Therefore, based on the record, Defendant has failed to demonstrate extraordinary and

9

compelling family circumstances justifying compassionate release. Moreover, based on the record, the Court cannot find that Defendant is not a danger to the community. U.S.S.G. § 1B1.13(2).

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release.

**IT IS SO ORDERED.**

Dated: August 24, 2020

_____
LUCY H. KOH
United States District Judge